Justin Cilenti, Esq.
Peter Hans Cooper, Esq.
CILENTI & COOPER, PLLC
60 East 42nd Street – 40th Floor
New York, NY 10165
T. (212) 209-3933
F. (212) 209-7102
pcooper@jcpclaw.com
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

WILLIAM ORLANDO MACHADO,

        Plaintiff,

    -against-

JAI BALAJI INC. dba SUPER 8 HOTEL; and
VIKRAM GANDHI, individually,

        Defendants.

Case No.:    25 cv 692

**COMPLAINT in an FLSA ACTION**

Jury Trial Demand

ECF Case

---

Plaintiff, William Orlando Machado ("Plaintiff"), by and through his undersigned attorneys, Cilenti & Cooper, PLLC, respectfully files this Complaint against Defendants, Jai Balaji Inc., and Vikram Gandhi, individually (defendants collectively referred to herein as the "Defendants"), and states as follows:

## INTRODUCTION

1.    Plaintiff alleges that, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§ 201, *et seq.* ("FLSA"), he is entitled to recover from the Defendants: (1) unpaid wages, and overtime compensation; (2) liquidated damages; (3) prejudgment and post-judgment interest; and (4) attorneys' fees and costs.

2.    Plaintiff further alleges that, pursuant to the New York Labor Law, he is entitled to recover from the Defendants: (1) unpaid wages; (2) overtime compensation; (3) unpaid

"spread of hours" premiums for each day he worked more than ten (10) hours; (4) liquidated damages and statutory penalties pursuant to the New York Wage Theft Prevention Act; (5) prejudgment and post-judgment interest; and (6) attorneys' fees and costs.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this controversy pursuant to 29 U.S.C. § 201 et seq. ("FLSA"), 29 U.S.C. § 216(b), 28 U.S.C. §§ 1331 and, 1337, and has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

4. Venue is proper in the Eastern District of New York, pursuant to 28 U.S.C. § 1391, because the conduct making up the basis of the complaint took place in this judicial district.

## THE PARTIES

### THE PLAINTIFF

5. Plaintiff is an adult resident of Queens County, New York.

6. Plaintiff was an employee of "Jai Balaji Inc.", during the period of time between November 2022 and December 3, 2024, without interruption.

7. Plaintiff William Orlando Machado was paid by Jai Balaji Inc., and at all times relevant to this action worked directly for Jai Balaji Inc., at the Super 8 Hotel it operated near Laguardia Airport in the City of New York.

8. Plaintiff William Orlando Machado reported to Vikram Gandhi, who scheduled, supervised and controlled his work, at Jai Balaji Inc., doing business as Super 8 Motel.

### THE DEFENDANTS

9. At relevant times, Defendant, Jai Balaji Inc., was and is a domestic business entity organized and existing under the laws of the State of New York, with a corporate address at 31-62 14th Street, Long Island City, New York 11106.

10. At relevant times, Defendant, Vikram Gandhi has been and is an owner, shareholder, officer, director, supervisor, and/or managing agent, of the corporate defendant, who actively participated, and continues to participate in the day-to-day operations of the corporation, and acted intentionally and is an employer pursuant to the FLSA, 29 U.S.C. § 203(d) and Regulations promulgated thereunder, 29 C.F.R. § 791.2, as well as New York Labor Law § 2 and the Regulations thereunder, and is jointly and severally liable with Jai Balaji, Inc.

11. The individual defendant Vikram Gandhi, exercised control over the terms and conditions of Plaintiff's employment in that he has and has had the power to: (i) hire and fire employees, (ii) determine rates and methods of pay, (iii) determine work schedules, (iv) supervise and control work of the employees, including Plaintiff, and (v) otherwise affect the quality of his employees' employment.

12. At all times relevant to this action, Defendant Vikram Gandhi, created and implemented crucial business policies, including decisions concerning the number of hours the employees were required to work, the amount of pay that the employees were entitled to receive, and the method and manner by which the employees were to be paid.

13. Defendant Vikram Gandhi personally paid plaintiff, partly in cash for overtime, and partly on a payroll paycheck with a wage statement.

14. Defendant Vikram Gandhi exercised sufficient control over Super 8 Hotel's day-to-day operations as to be considered an employer of the Plaintiff, under the FLSA and New York Labor Law.

15. Upon information and belief, at all times relevant to the allegations in this Complaint, the corporate defendant, was, and continues to be, an "enterprise engaged in commerce" within the meaning of the FLSA in that it (i) has and had had employees engaged in

commerce or in the production of goods for commerce, or that handle, sell, or otherwise work on goods or materials that have been moved in or produced for commerce, and (ii) has and has had an annual gross volume of sales of not less than $500,000.

16. At all relevant times, Jai Balaji, Inc. was, and continues to be, an "enterprise engaged in commerce" within the meaning of the FLSA.

17. Defendants employed Plaintiff in Queens County, New York, as a cleaner, launderer, general handyman / stock person / helper who at the hotel owned and operated by the corporate and individual Defendants.

18. The work performed by Plaintiff was directly essential to the hotel business operated by the corporate and individual Defendants.

19. At relevant times, upon information and belief, and during the course of Plaintiff's employment, the Defendants failed to maintain accurate and sufficient time records.

20. At all relevant times, Defendants knowingly and willfully failed to pay Plaintiff, lawfully earned wages, and overtime compensation, in contravention of the FLSA and New York Labor Law.

21. At all relevant times, Defendants knowingly and willfully failed to pay Plaintiff, lawfully earned "spread of hours" premiums in contravention of the New York Labor Law.

## STATEMENT OF FACTS

22. Plaintiff, William Orlando Machado, was employed by Defendants in New York County, New York, as a general helper and cleaner at Defendants' hotel called "Super 8", beginning on or about November 2022, through December 3, 2024, without interruption.

23. During his employment, Plaintiff William Orlando Machado worked over forty (40) hours per week.

4

24. Throughout his employment, Plaintiff William Orlando Machado typically worked approximately ten (10) or eleven (11) hours per day, five (5) days per week. He was often required to punch out, and continue working. He worked between fifty and fifty-five (55) hours per week.

25. Plaintiff was paid fifteen dollars ($15.00) per hour, raised to sixteen dollars ($16.00) per hour in 2024, without overtime compensation.

26. Plaintiff was paid by check for the first forty (40) hours and given cash for his overtime.

27. Plaintiff was paid overtime compensation at the same hourly rate, without an overtime premium.

28. Plaintiff was not paid a spread of hours premium when he worked in excess of ten (10) hours in one shift.

## STATEMENT OF CLAIM
### COUNT I
### [Violation of the Fair Labor Standards Act]

29. Plaintiff re-alleges and re-avers each and every allegation and statement contained in paragraphs "1" through "28" of this Complaint as if fully set forth herein.

30. At all relevant times, upon information and belief, Defendants were and continue to be an employer engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a). Further, Plaintiff is a covered individuals within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

31. At all relevant times, Defendants employed Plaintiff and other similarly situated employees, within the meaning of the FLSA.

32.    Upon information and belief, at all relevant times, the corporate defendant had gross revenues in excess of $500,000.

33.    Plaintiff was entitled to be paid at the rate of time and one-half the applicable minimum wage, or his regular rate of pay when higher than the applicable minimum wage, for hours worked in excess of forty (40) each workweek.

34.    The Defendants failed to pay Plaintiff wages for all hours worked, and overtime compensation, at all relevant times, in the lawful amount for all hours worked.

35.    At all relevant times, the Defendants had, and continue to have a policy and practice of refusing to pay overtime compensation at the statutory rate of time and one-half to Plaintiff for all hours worked in excess of forty (40) hours per work week, which violated the FLSA, 29 U.S.C. §§ 201, *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a).

36.    Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by their failure to compensate Plaintiff owed wages and the statutory overtime rate of time and one-half, for all hours worked in excess of forty (40) hours per week, when they knew or should have known such was due and that non-payment of wages and overtime pay would financially injure Plaintiff.

37.    The Defendants have failed to make, keep and preserve accurate records with respect to Plaintiff sufficient to determine the wages, hours and other conditions and practices of employment, in violation of the FLSA, 29 U.S.A. §§ 201, *et seq.*, including 29 U.S.C. §§ 211(c) and 215(a).

38.    Records concerning the number of hours worked by Plaintiff and the actual compensation paid to Plaintiff may be false or inaccurate as he was not permitted to punch out at the end of his work day but rather was required to punch out earlier in the day.

39.     Defendants failed to properly disclose or apprise Plaintiff of his rights under the FLSA.

40.     As a direct and proximate result of Defendants' disregard of the FLSA, Plaintiff is entitled to liquidated damages pursuant to the FLSA.

41.     Due to the unlawful acts of the Defendants, Plaintiff suffered damages in an amount not presently ascertainable of unpaid wages and overtime compensation, an equal amount as liquidated damages, and prejudgment interest thereon.

42.     Plaintiff is entitled to an award of her reasonable attorneys' fees, costs and expenses, pursuant to 29 U.S.C. § 216(b).

## COUNT II
### [Violation of the New York Labor Law]

43.     Plaintiff re-alleges and re-avers each and every allegation and statement contained in paragraphs "1" through "42" of this Complaint as if fully set forth herein.

44.     At all relevant times Plaintiff was employed by Defendants within the meaning of New York Labor Law §§ 2 and 651.

45.     Defendants knowingly and willfully violated Plaintiff's rights by failing to pay wages in the lawful amount for all hours worked.

46.     The corporate and individual Defendants knowingly and willfully violated Plaintiff's rights by failing to pay overtime compensation at rates of not less than one and one-half, for each hour worked in excess of forty (40) hours in a workweek.

47.     Each of the Defendants knowingly and willfully violated Plaintiff's rights by failing to pay "spread of hours" premiums to Plaintiff for each day he worked in excess of ten (10) pursuant to New York State Department of Labor Regulations §§ 137-1.7; 142-2.4.

48.    Due to the Defendants' New York Labor Law violations, Plaintiff is entitled to recover from Defendants unpaid wages; unpaid overtime wages; unpaid "spread of hours" premiums; reasonable attorneys' fees, and costs and disbursements of this action, pursuant to New York Labor Law § 663(1) *et al.* and § 198. Plaintiff also seeks liquidated damages pursuant to New York Labor Law § 663(1).

## COUNT III
### [Statutory Penalties Pursuant to the New York State Wage Theft Prevention Act]

49.    Plaintiff re-alleges and re-avers each and every allegation and statement contained in paragraphs "1" through "48" of this Complaint as if fully set forth herein.

50.    The New York State Wage Theft Prevention Act requires every employer to notify its employees, in writing, among other things, of the employee's rate of pay and regular pay day.

51.    The New York State Wage Theft Prevention Act requires every employer to notify its employees, in writing, with every payment of wages, of the dates of work covered, the rate of pay and basis thereof, hours worked, gross wages, deductions, allowances, and net wages.

52.    Defendants did not provide Plaintiff, with an accurate written statement properly accounting for his actual hours worked.

53.    Upon information and belief, Defendants' record keeping practices were intended to, and did in fact, disguise the actual number of hours Plaintiff worked, in order to avoid paying for his full hours worked; and, overtime due.

54.    Defendants willfully disregarded and purposefully evaded record keeping requirements of the New York Labor Law by failing to maintain accurate timesheets and payroll records.

55.    Plaintiff was not provided with true and accurate wage statements as required by law.

56.    Defendants failed to comply with the notice and record keeping requirements of the New York State Wage Theft Prevention Act, and as such, are liable for civil penalties, attorneys' fees, and costs.

57.    As a result of Defendant's violations of New York Labor Law § 195(3), Plaintiff may recover damages of one hundred dollars for each work week Defendants failed to provide Plaintiff with wage notices, not to exceed a total of five thousand dollars ($5,000), together with costs and reasonable attorney's fees in accordance with New York Labor Law § 198 (1-d).

58.    Defendants failed to comply with the notice and record keeping requirements of the New York State Wage Theft Prevention Act and as such are liable for civil penalties, attorneys' fees, and costs.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully requests that this Court grant the following relief:

(a)    An award of unpaid wages, and overtime due under the FLSA and New York Labor Law;

(b)    An award of unpaid "spread of hours" premiums due under the New York Labor Law;

(c)    An award of statutory damages for failure to provide wage notices and wage statements, pursuant to the New York State Wage Theft Prevention Act;

(d)    An award of liquidated damages as a result of Defendants' failure to pay overtime compensation pursuant to 29 U.S.C. § 216;

(e)    An award of liquidated damages as a result of Defendants' untimely payment of wages, pursuant to the New York Labor Law, and implementing regulations.

(f)    An award of prejudgment and post-judgment interest;

(g)    An award of costs and expenses associated with this action, together with reasonable attorneys' fees;

(h)    Such other further and different relief as this Court determines to be just and proper under the circumstances.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all issues.

Dated: New York, New York
February 6, 2025

Respectfully submitted,

CILENTI & COOPER, PLLC
**Counsel for Plaintiff**
60 East 42nd Street – 40th Floor
New York, NY 10165
Telephone  (212) 209-3933
Facsimile  (212) 209-7102
pcooper@jcpclaw.com

By:    _____
Peter Hans Cooper  (PHC 4714)

10

## CONSENT TO SUE UNDER
## FAIR LABOR STANDARDS ACT

I, _William Orlando Alechado_, am an employee currently or formerly employed by _Jai Belaji Inc._, and/or related entities. I consent to be a plaintiff in an action to collect unpaid wages.

Dated: New York, New York
_January 29_, 2025